## GIEGER v. LEVIN.

(Supreme Court, Appellate Term. May 15, 1908.)

1. EVIDENCE—WRITTEN INSTRUMENTS—INSUFFICIENT PRELIMINARY PROOF.
   Written evidence, executed by one purporting to be defendant's agent, was inadmissible, without proof of the handwriting and of his authority.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1602–1606.]

2. SAME.
   The contents of a writing are inadmissible in evidence, without its introduction.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 527.]

3. TRIAL—EXCLUSION OF EVIDENCE.
   It was error to fail to strike out from the evidence declarations by defendant's alleged agent, where they were received subject to being connected and were not connected.

4. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE—SUFFICIENCY.
   That one purporting to act as defendant's agent in agreeing to pay a commission to procure a contract for defendant was defendant's brother and salesman is insufficient to show his authority as defendant's agent.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 41.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Alexander Gieger against Morris Levin. From a judgment for plaintiff, and from certain orders, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Warren McConihe, for appellant.
H. A. Rosenberg, for respondent.

PER CURIAM. A reading of the testimony shows errors in applying the rules of evidence by the trial justice that call for a reversal. Written evidence is permitted, without proof of handwriting, or of authority of the one purporting to represent the principal; and contents of a writing are permitted to be given, without introduction of the writing. Furthermore, the declarations of Jacob Levin, the alleged agent of defendant, are accepted, and, although the testimony was taken subject to being connected, it was not stricken out upon motion, although in our opinion it was not connected. We fail to find any evidence of authority in Jacob Levin to bind his brother, the defendant. The mere fact that he is a brother is certainly not sufficient. He was the salesman of defendant. There is no implied authority in a salesman to make a contract with a third party that the latter will be paid a commission if he procures a contract for his principal. This, too, is

not the case of a man engaged in the business of broker or commission agent; but .the circumstances indicate (emphasized by the so-called newly discovered evidence) that Jacob Levin really dealt with plaintiff as though he were the owner of the property, as the estimate, which formed the basis of the Frazier contract, was made out to the "Madison Paper Stock Company," the business name of the plaintiff.

So far as the minutes of the trial indicate, there appears to have been lacking that clear judicial atmosphere which should characterize a trial, and the disregard of the rules of evidence, under such circumstances, becomes significant and requires.a reversal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.